UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK MARAUSZWKSI )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>OFFICER MARTIN STREIT )<br>Defendant )<br>)<br>) | Docket no.  3:20-cv-30010<br><br>**COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

1. This is civil rights action, brought pursuant to 42 U.S.C. § 1983, brought by Mark Marauszwski. On January 25th, 2017, following a brief, low-speed car chase, the defendant officer shot Mr. Marauszwski three times, twice as Mr. Marauszwski was coming to a stop, and a final time after Mr. Marauszwski's car had struck a concrete bollard and had come to a stop. Marauszwski was subsequently arraigned on a variety of criminal charges, ranging from negligent operation to assault and battery on a police officer with a dangerous weapon, in connection with the car chase. Following a jury trial, Marauszwski was convicted on the automotive offenses, but exonerated on all counts alleging assaultive or aggressive behavior toward police officers. Marauszwski sustained gunshot wounds to the hand, arm and chest, with the final round passing through his chest from left to right, nearly striking his heart. He was hospitalized for more than a week after the shooting, and still suffers both physical and mental trauma as a result.

2. Plaintiff alleges that the Defendant police officer used excessive force against Mr. Marauszwski in violation of the Fourth and Fourteenth Amendments to the United States Constitution and seeks damages for the violation of his constitutional rights.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C §1983 and §1988 and the Fourth and Fourteenth Amendment of the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain related claims arising under state law.

## PARTIES

4. Plaintiff Mark Marauszwski is a resident of Pittsfield, Massachusetts.

5. Defendant Officer Martin Streit is a police officer for the Pittsfield Police Department and is sued in his individual capacity for actions taken under the color of law.

## FACTS

6. On January 25th, 2017, at about 9 a.m., Pittsfield Police conducted a traffic stop of the Plaintiff, Mark Marauszwski.

7. The stop occurred on Bartlett Avenue in downtown Pittsfield, near the Pittsfield District Courthouse.

8. The Plaintiff, who was driving a green SUV, was stopped for driving on a suspended license, an expired inspection sticker, and for having mounted a hand-written license plate on his car.

9. Marauszwski initially complied with the stop, pulling over and speaking with Officer David Hallas, attempting to show him a paper copy of his license and registration, and explaining that the hand-written plates were temporary replacements, due to his state issued plates having been taken.

10. Officer Hallas told Mr. Marauszwski that his car was not legal to drive, and that it would be towed.

11. Marauszwski was standing by his car during the interchange, and Officer Hallas was standing approximately a car length from Marauszwski.

12. During this interaction, another Pittsfield Officer, Bryan Betters, arrived on the scene.

13. Upon exiting the car, Officer Betters immediately reached toward his belt.

14. Marauszwski observed this, and believed Betters was reaching for his gun.

15. Marauszwski, frightened by this gesture, turned, got back into his car, and drove away from the stop.

16. Officer Betters and Hallis reported Marauszwski's flight and began to pursue him.

17. Marauszwski drove approximately one mile through Pittsfield.

18. Marauszwski kept his speed in the range of 30 to 35 miles per hour.

19. A number of other Pittsfield officers joined the pursuit.

20. After approximately five to ten minutes, Marauszwski pulled his car into Springside Park.

21. Marauszwski drove his car around the perimeter of the park's baseball diamond.

22. Marauszwski was driving on snow-covered rough ground and was not driving at a high speed.

23. After circling the baseball diamond, Marauszwski began to drive in the direction of a pedestrian underpass.

24. By this point, Marauszwski had decided to end the pursuit and had begun to slow down.

25. Several police officers, including the Defendant, were in the park and had exited their cars in anticipation of a foot chase.

26. As Marauszwski drove toward the pedestrian underpass, the Defendant fired twice at Marauszwski, through the front windscreen of the car.

27. When interviewed by State Police, following the shooting, Streit said he heard a loud thump and saw one of his fellow officers, Darren Derby, falling to the ground as Marauszwski drove past, which he interpreted as Marauszwski having struck Officer Derby.

28. Streit also told investigators that Marauszwski accelerated directly at him.

29. At the subsequent criminal trial, Officer Derby testified that he was not struck by Marauszwski and denied falling.

30. Other witnesses described Streit as being outside the direction of Marauszwski's direction of travel, off to the side of the car.

31. At least one of Streit's rounds struck Marauszwski.

32. As a result of being shot, Marauszwski took his foot off the accelerator and the car drifted to a halt, striking a concrete bollard and coming to a complete stop.

33. Officer Streit approached the car, and Marauszwski exclaimed "I can't believe you shot me!".

34. Officer Streit then fired a third shot, through the vehicle's side window.

35. This round struck Marauszwski, passing through his chest and exiting his armpit.

36. Marauszwski was then removed from his car by three officers.

37. Another Pittsfield Officer, observing Marauszwski's injuries, treated him for emergency first aid.

38. Marauszwski was subsequently hospitalized for his injuries and remained in the hospital for approximately one-and-a-half weeks.

39. During that period, Marauszwski suffered a stroke.

40. As a result of the January 25th incident, Marauszwski was charged with driving with a suspended license, subsequent offense, failing to stop for police, reckless operation of a motor vehicle, assault and battery with a dangerous weapon, three counts of assault with a dangerous weapon, and one count of Wanton Destruction of Property over $250.

41. On February 4th, 2019, after a four-day jury trial, Marauszwski was acquitted on the counts of assault and battery with a dangerous weapon, two counts of assault with a dangerous weapon – the third count was subsequently nolle prosequi-ed – and the wanton destruction of property count. He was found guilty of the driving offenses and sentenced to one year committed in the House of

Corrections for the reckless operation and six months on the operating with a suspended license charge, served concurrently.

42. Mr. Marauszwski continues to suffer the consequences, both physically and emotionally, of being shot to this day.

43. Marauszwski has a regular visiting nurse for his physical health issues and may require open-heart surgery to repair damage done by the shooting.

44. He also suffers from emotional distress, depression and anxiety as a result of the shooting.

45. Defendants proximately caused Marauszwski to experience conscious pain and suffering, terror, and the anguish of experiencing what he believed to be his last moments of life in severe physical pain.

### COUNT I
### VIOLATION OF 42 U.S.C. § 1983
### BY DEFENDANT MARTIN STREIT

46. The above paragraphs are incorporated herein.

47. By the actions described in the above paragraphs, Defendants, acting under color of law, deprived Plaintiff of his right to be free from the use of excessive force, in violation of 42 U.S.C. § 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

**WHEREFORE,** the Plaintiff requests that this Court award:

1. Compensatory damages against the Defendant;

2. Punitive damages against the Defendant;

3. The costs of this action, including reasonable attorneys' fees; and,

4. Such other and further relief, as this Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

DATED: 1-24-2020

        Respectfully Submitted,
        Plaintiff Mark Marauszwski

        <u>/s/Jessica D. Hedges</u>
        Jessica D. Hedges
        BBO No. 645847
        James Haynes
        BBO No. 676320
        Hedges & Tumposky, LLP
        50 Congress Street, Suite 600
        Boston, MA 02109
        T) (617) 722-8220